## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

CAMELFLAGE, LLC, a Colorado Limited Liability Company;

Plaintiff,

      v.

SEAMLESS THREAD, LLC, a New York Limited Liability Company.

Defendant(s).

_____

## COMPLAINT
_____

      **COMES NOW** the Plaintiff, Camelflage, LLC, by and through its attorneys, and for its Complaint for direct and direct equivalent Patent Infringement against Defendant, Seamless Thread, LLC states and avers as follows:

### PARTIES AND JURISDICTION

      1.    Plaintiff Camelflage, LLC (hereinafter "Plaintiff Camelflage") a Colorado Limited Liability Company, is located and does business at 13250 East Smith Road, Suite A, Aurora, Colorado 80011.

      2.    Upon information and belief Defendant Seamless Thread, LLC (hereinafter "Defendant Seamless"), is located and does business at 32 Deer Run, Watermill, New York 11976.

      3.    This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

      4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1338(a).

5.      Upon information and belief, Defendant Seamless is subject to personal jurisdiction in the United States District Court for the District of Colorado ("District"), consistent with the principles of due process and the Colorado Long Arm Statue, because Defendant Seamless offers its products for sale in this District, has transacted business in this District, has committed and/or induced acts of patent infringement in this District, and/or has placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District.

6.      Venue is proper in this district pursuant to 28 U.S.C. 1391(b), 1391(c), 1391(d), and 1400 (b).

## COUNT I:      INFRINGEMENT OF THE '364 PATENT

7.      On or about August 6, 2013 the United Stated Patent and Trademark Office ("USPTO") issued US Patent Number 8,499,364 B2 ("the '364 Patent"), entitled "Visual Privacy Garment" with Shannon M. Dye named as inventor. (A true and correct copy of the '364 Patent is attached hereto and incorporated by reference as Exhibit 1.)

8.      Camelflage, LLC is the owner of the '364 Patent by assignment.

9.      Plaintiff Camelflage owned the patent throughout the period of the Defendant's infringing acts and still owns the patent.

10.     Defendant Seamless is now and/or has been directly, indirectly, contributorily, and/or by inducement infringing the '364 Patent literally and/or under the doctrine of equivalents, as proscribed by 35 U.S.C. 271, *et seq*., by, without permission or authority from Camelflage, importing into the United States, and selling, offering to sell, making, using, contributing to others' use and sale of, and/or inducing others to use and sell

within the United States, including this District, products and/or components of products and/or services that infringe upon the products and /or services that are covered by claims 1-5 of the '364 Patent, including by way of example and not limitation, Defendant Seamless's Camel No® products with built-in modesty enhancement panel.

11.    Plaintiff Camelflage has complied with the requirement of placing a notice of patent protection on the tags attached to or packaged with Visual Privacy Garments it manufactures and sells and on its website and has given Defendant Seamless written notice of the infringement.

## DEMAND FOR JURY TRIAL

12.    Pursuant to Fed R. Civ. P. 38(b), Plaintiff Camelflage respectfully requests a trial by jury of all issues properly triable by jury.

## PRAYER FOR RELIEF

WHERFORE, Plaintiff prays for relief as follows:

13.    For a Judgment declaring that Defendant Seamless has infringed Plaintiff's '364 Patent;

14.    For a judgment awarding Plaintiff Camelflage compensatory damages as a result of Defendant Seamless's infringement of Plaintiff Camelflage's '364 Patent, together with interest and costs, and in no event less than a reasonable royalty;

15.    For a judgment declaring that Defendant Seameless's infringement of Plaintiff Camelflage' s '364 Patent has been willful and deliberate;

16.     For a judgment awarding Plaintiff Camelflage treble damages and pre-judgment interest under 35 U.S.C. 284 as a result of Defendant's willful and deliberate infringement of Plaintiff Camelflage's '364 Patent;

17.   For a judgment declaring that this case is exceptional and awarding Plaintiff Camelflage its expenses, costs, interest and attorneys' fees in accordance with 35 U.S.C. 284 and 285 and Fed. R. Civ. P. 54(d);

18.   An accounting for damages;

19.   For a grant of a permanent injunction pursuant to 35 U.S.C. 283, enjoining the defendants from further acts of infringement; and

20.   For such further relief as the Court deems just and proper.


Respectfully submitted this 2nd day of December, 2015

/s/ Glenn H. Lenzen
Glenn Lenzen, Atty. Reg. No. 37189
Jennifer L. Lorenz, Atty. Reg. No. 38549
2060 Broadway, Suite 400
Boulder, Colorado  80302
Tel:     (303) 447-1375
Fax:     (303) 440-9036
E-mail:  glenzen@dietzedavis.com

ATTORNEYS FOR PLAINTIFF


*In accordance with the Electronic Case Filing Procedures, the signed original of this document is on file at Dietze and Davis, P.C. and will be made available for inspection by other parties or the court upon request.  The original will be maintained in paper form until two years after all time periods for appeal expire and all appeals are final.*